# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**JENNIFER SALMONS,**

    **Plaintiff,**

v.                                                Case No. 3:18-cv-01475

**WESTERN REGIONAL JAIL,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1). The undersigned notes that Plaintiff has failed to pay a filing fee or submit an Application to Proceed Without Prepayment of Fees and Costs. Before the Complaint can be accepted for prosecution, either the filing fee must be paid, or an application to proceed *in forma pauperis* must be approved by the Court. Therefore, Plaintiff is hereby **ORDERED** to pay the filing fee of $400, or in the alternative, submit to the Court a completed and signed Application to Proceed Without Prepayment of Fees and Costs, which includes the institutional certification and an inmate account transaction record. **Plaintiff is notified** that failure to pay the fee or submit a completed application within **thirty (30) days** of the date of this Order shall result in a recommendation that the Complaint be dismissed.

In keeping with 28 U.S.C. § 1915(e)(2), the undersigned has conducted a preliminary review of Plaintiff's complaint to determine if the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

1

who is immune from such relief. Although *pro se* complaints, such as the one filed in this case, must be liberally construed to allow the development of potentially meritorious claims, the court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for her, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985). At the same time, to achieve justice, the court may allow a *pro se* plaintiff the opportunity to amend her complaint in order to correct deficiencies in the pleading. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978).

Plaintiff alleges that since being booked into the Western Regional Jail in Barboursville, West Virginia, she has contracted Hepatitis A through the wrongful actions of Jail staff and has been refused medical care. (ECF No. 1). As currently written, Plaintiff's complaint fails to state a claim sufficient to withstand dismissal on initial screening, as explained below.

Title 42 U.S.C. § 1983 provides a remedy to parties who are deprived of federally protected civil rights by persons acting under color of any state "law, statute, ordinance, regulation, custom, or usage." To state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) an official deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the official did so under color of State law. 42 U.S.C. § 1983; *see also Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792 (D.S.C. Sept. 8, 2010). If either of these elements is missing, the complaint fails to state a claim for relief under 42 U.S.C. § 1983. Moreover, for an official to be liable under § 1983, it must be "affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of *respondeat superior* has no

application under this section." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977) (*quoting Bennett v. Gravelle,* 323 F. Supp. 203, 214 (D. Md. 1971)).

The Eighth Amendment to the United States Constitution "imposes duties on [prison] officials who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526–27 (1984)). A prison official violates this constitutional mandate when he responds to a prisoner's serious medical need with deliberate indifference. *Estelle,* 429 U.S. 97, 104 (1976). To state a cognizable Eighth Amendment claim based on the failure to provide medical care, an inmate must establish the presence of two elements: one objective and one subjective. First, the inmate must demonstrate the existence of a medical condition or need that is objectively serious. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). A medical condition is serious under the Eighth Amendment when it has been diagnosed by a physician as mandating treatment, or is so obvious that even a lay person would understand that medical attention is necessary. *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir. 1990). A serious medical need may also be shown by the presence of a medical condition that significantly affects the prisoner's daily activities or causes chronic and substantial pain. *McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992); *see also Adams v. Southwest Virginia Regional Jail Authority*, 524 Fed. Appx 899, 900-01 (4th Cir. 2013). Second, the inmate must show that the prison official subjectively knew of, but was deliberately indifferent to, "an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837; *Wilson v. Seiter,* 501 U.S. 294, 297–99 (1991). "[D]eliberate indifference entails something more than mere negligence ... [but] is

satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. A prison official is not liable under the Eighth Amendment if a reasonable response was made, "even if the harm ultimately [was] not averted." *Odom v. South Carolina DOC,* 349 F.3d 765, 770 (4th Cir. 2003) (*citing Farmer,* 511 U.S. at 844). Moreover, medical negligence is not the same as a constitutional violation. *Estelle,* 429 U.S. at 106; *Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975). To establish that a prison official's actions constitute deliberate indifference to a serious medical need, "the treatment must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn,* 896 F.2d 848, 851 (4th Cir. 1990).

In light of these governing principles, Plaintiff must amend her complaint to cure the following deficiencies:

1. The Western Regional Jail is not a "person" subject to liability under 42 U.S.C. § 1983. Therefore, if Plaintiff claims that a prison official or other person acting under color of State law violated her federal civil or constitutional rights, she must *name* the individual or individuals as defendant(s). If Plaintiff does not know the name of a relevant person, Plaintiff shall list that person as a John Doe or Jane Doe (e.g. Correctional Officer John Doe, Nurse Jane Doe) and shall further identify the person in the body of the complaint by description, date/time of contact, alleged act, or in some other manner that assists the Court in determining the identity and number of individual defendants in the action, as well as the specific reason that each person is included in the Complaint. To the extent Plaintiff knows partial names, she shall include those parts (e.g. Correctional Officer Ronald LKU ('last name unknown")).

4

2. Plaintiff must set forth a factual basis upon which the Court can conclude that the defendants acted with deliberate indifference to Plaintiff's health and safety. In other words, Plaintiff must include details about when the alleged events occurred, who was involved in the alleged events, what was said and done by each participant, and what happened as a result of the actions or inactions of the various individuals involved.

3. Plaintiff must identify the nature of the physical and emotional injuries she claims to have suffered as a result of the alleged wrongdoing of each defendant.

Plaintiff is **ORDERED** to amend her complaint within **thirty (30) days** of the date of this Order. **Plaintiff is hereby given notice** that a failure to amend the complaint as ordered shall result in a recommendation that the complaint be dismissed for failure to state a claim under 42 U.S.C. § 1983 and/or for failure to prosecute under Fed. R. Civ. P. 41 and L. R. Civ. P. 41.1. **Plaintiff is also reminded** of her obligation to promptly notify the Clerk of Court of any change in his contact information.

The Clerk is instructed to provide a copy of this order to Plaintiff, along with a form Complaint under 42 U.S.C. § 1983, an Application to Proceed Without Prepayment of Fees and Costs, and any available instructions for completing the forms.

**ENTERED:** November 30, 2018

_____
Cheryl A. Eifert
United States Magistrate Judge