# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# HUNTINGTON DIVISION

**JENNIFER SALMONS,**

    **Plaintiff,**

v.                                              Case No. 3:18-cv-01475

**WESTERN REGIONAL JAIL,**

    **Defendant.**

## MEMORANDUM OPINION and ORDER

Currently pending are three Motions filed by Plaintiff: Motion for Extension of Time to Amend Complaint and to File Application to Proceed Without Prepayment of Fees and Costs, (ECF No. 6); Motion for Appointment of Counsel, (ECF No. 7); and Motion to Proceed Without Prepayment of Fees and Costs, (ECF No. 11). Considering first Plaintiff's Motion for an extension of the time to amend the complaint and to file the application, this Motion is **GRANTED**. (ECF No. 6).

Since filing her motion for an extension, Plaintiff has filed an Application to Proceed Without Prepayment of Fees and Costs. (ECF No. 11). Having considered the Application, the Court **GRANTS** same. The Court notes that Plaintiff has insufficient funds in her inmate account to make an initial partial filing fee payment; therefore, she shall not be required make a payment at this time. However, Plaintiff is **ORDERED** to make monthly payments beginning on **March 5, 2019** equal to 20 percent of the preceding month's income credited to her inmate account until the full filing fee of $350.00 has been paid. These payments shall be due by the fifth day of each month

thereafter. The Lakin Correctional Center, or any other agency or facility having custody of Plaintiff, shall forward payments from Plaintiff's inmate account to the Clerk of Court each time the amount in Plaintiff's inmate account exceeds $10, until the full filing fee is paid. *See* 28 U.S.C. 1915(b). It is **ORDERED** and **NOTICED** that the recovery, if any, obtained in this action shall be paid to the Clerk of Court who shall collect therefrom all unpaid fees and costs taxed against Plaintiff and shall pay the balance, if any, to the Plaintiff.

Next, the Court considers Plaintiff's Motion for Appointment of Counsel. (ECF No. 7). For the reasons that follow, the Court **DENIES** the motion, without prejudice to reconsideration of Plaintiff's request for counsel in the future.

Plaintiff has no constitutional right to counsel in an action brought under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1915(e)(1) (2010); *see also Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Although the Court has some discretion in assigning counsel, the United States Court of Appeals for the Fourth Circuit has clearly stated that motions for the appointment of counsel in civil actions should be granted "only in exceptional cases." *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir. 1975). When determining whether a particular case rises to that level, the Court must consider the complexity of the claims in dispute and the ability of the indigent party to present them. *Whisenant v. Yuam,* 739 F.2d 160, 163 (4th Cir. 1984); *see also Branch v. Cole,* 686 F.2d 264, 266 (5th Cir. 1982). ("[N]o comprehensive definition of exceptional circumstances is practical. The existence of such circumstances will turn on the quality of two basic factors-the type and complexity of the case, and the abilities of the individuals bringing it.") (footnote omitted).

Plaintiff argues that her case justifies the appointment of counsel because she is no longer incarcerated at the Western Regional Jail, making it more difficult for her to obtain

documents and access staff to provide witness statements. In addition, she indicates that Lakin does not have CM/ECF or the ability to access records from the Western Regional Jail. Plaintiff contends that her status as an incarcerated individual makes it much harder for her to pursue her claims.

Unfortunately, these circumstances do not constitute "exceptional" grounds meriting the appointment of counsel. While Plaintiff's incarceration undoubtedly makes it more difficult for her to prosecute her lawsuit, this circumstance does not, in and of itself, satisfy the "exceptional" standard. *See, e.g., Louis v. Martinez,* Case No. 5:08-cv-151, 2010 WL 1484302, at *1 (N.D.W. Va. Apr. 12, 2010). Moreover, most *pro se* litigants have limited resources and, consequently, lack paralegals and investigators to help develop their cases; however, there discovery devices available to all litigants, such as subpoenas and written discovery requests, that allow parties to obtain records and statements from other parties, as well as third-parties. Courts are often willing to accommodate *pro se* parties by providing them additional time to comply with deadlines. Plaintiff will be given an opportunity to conduct discovery in this case, which will give her the chance to ask for information that she needs to prove her case.

With respect to amending the complaint, Plaintiff is **ORDERED** to amend the complaint within **thirty (30) days** from the date of this Order. As previously explained, to state a plausible claim under 42 U.S.C. § 1983, Plaintiff needs to add as defendants the person or persons at the Western Regional Jail that she believes violated her constitutional rights. The complaint must also contain more specific facts about how these defendants were deliberately indifferent to Plaintiff's health and safety; when these events occurred; and what injuries Plaintiff suffered as a result of the defendants' indifference. Plaintiff is not required to use legal terms or cite to legal cases. She merely has to set out

factual allegations that demonstrate a constitutional violation by a person or persons working at the Western Regional Jail.

The Clerk is instructed to provide a copy of this Order to Plaintiff.

**ENTERED:** January 16, 2019

Cheryl A. Eifert
United States Magistrate Judge